**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARIA DELOURDES VALDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. 3:23-CV-01426-O** |
| | § | |
| **TRACTOR SUPPLY CO. OF TEXAS, LP d/b/a TRACTOR SUPPLY CO.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion of Defendant, Tractor Supply Co. of Texas, LP, for summary judgment. Having considered the motion, the response, the reply, the record, and applicable authorities, the Court concludes that the motion must be **GRANTED**.

## I. BACKGROUND

On May 31, 2023, Plaintiff, Maria Deloudes Valdez, filed her original petition in the County Court at Law, Dallas County, Texas.[1] ECF No. 1-1. In it, she alleged that on or about November 6, 2021, she was an invitee at Tractor Supply Co. in Mesquite, Texas. She was "walking around the store while shopping when she tripped over some metal rods that were on the ground. No warning signs were placed to advice [sic] patrons there were rods on the ground." *Id.* at 4–5.[2]

## II. GROUND OF THE MOTION

Defendant urges that the condition about which Plaintiff complains was open and obvious and it had no duty to warn her about it. ECF No. 18.

[1] The action was brought before this Court by notice of removal filed June 27, 2023. ECF No. 1.
[2] The page number references to the petition are to "Page __ of 14" reflected at the top right portion of the document on the Court's electronic filing system.

## III. APPLICABLE LEGAL PRINCIPLES

The Court must grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the Court that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. Once the movant has carried its burden, the nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports his or her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## IV. UNDISPUTED FACTS

The record reflects the following undisputed facts:

On November 6, 2021, Plaintiff and her husband visited Defendant's store in Mesquite, Texas. They had gone there to get materials for a chicken coop. ECF No. 20 at App. 013. They went inside the store and an associate directed them outside to find the material they were looking for. The associate walked them outside to the side yard. "Everything was in order. There was nothing thrown. There was nothing in the way." *Id.* at App. 014. The path was clear and Plaintiff was following her husband and the employee. *Id.* at App. 014–15. Plaintiff was not looking to the

sides but just looking ahead and following. *Id.* at App. 016. Neither her husband nor the associate fell and Plaintiff does not know why she tripped and fell. *Id.* at App. 017. Her right foot caught the T-post bundle and she fell flat on her face. ECF No. 23 at 13.[3]

The photographs submitted by the parties accurately reflect the side yard of Defendant's premises on the day Plaintiff fell. ECF No. 20 at App. 001–08; ECF No. 23, Ex. C.

## V. ANALYSIS

This is a diversity case in which Texas law applies. *Cleere Drilling Co. v. Dominion Expl. & Prod., Inc.*, 351 F.3d 642, 646 (5th Cir. 2003). In Texas, an owner/occupier owes a duty to use reasonable care to make and keep its premises safe for business invitees. *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997). The elements of a cause of action for premises liability are: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) the condition posed an unreasonable risk of harm; (3) the owner/occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) such failure was a proximate cause of plaintiff's injury. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). An owner/occupier does not have a duty to warn of open and obvious dangers or dangers an invitee knew about. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) (the duty is to make safe or warn against any concealed, unreasonably dangerous condition of which the owner is aware but the invitee is not).

In this case, Plaintiff pled that she tripped over some metal rods that were on the ground at Defendant's premises. The summary judgment evidence establishes that the metal rods were T-posts that were stacked in the side yard. They were an open and obvious danger. *Cf. Pay & Save,*

[3] The page number references to the appendix in response are to "Page __ of 19" reflected at the top right portion of the document on the Court's electronic filing system.

*Inc. v. Canales*, 691 S.W.3d 499 (Tex. 2024) (pallets in a grocery store are not unreasonably dangerous as a matter of law). Plaintiff testified that she saw the T-posts and that the walkway was clear. She had no idea why she tripped and fell. After being deposed for approximately two hours[4] and it was clear that Plaintiff could not prevail on her claims, Plaintiff's counsel stated:

> I usually don't ask any questions, but let's just take a break. I'm going to ask two questions because I know you'll probably file your summary judgment, so there is a couple of questions I need to ask. We're going to take a break.

ECF No. 25 at App. 032. When they returned, the following exchange occurred:

> Q. Ms. Valdez, could you describe how you fell.
> A. So that day, like I explained to him, when we went to the store, I didn't see anything. There was nothing there. There was nothing to see. But my shoe said another thing.
> Q. Describe how you fell.
> A. I was walking, and my shoe got hooked. And when my shoe got hooked, since I was walking, I just suddenly fell.
> Q. What did you shoe get hooked with?
> A. Well, I think it was a wire. It just wasn't able to be seen.
> Q. Did you see a wire after you fell?
> A. No. No, because I was in too much pain to look. But my shoe tore. And my shoe was new.
> Q. Did your husband see a wire?
> A. No.
> Q. Okay. Did anyone, after you fell, see the wire?
> A. I didn't know anything further.

*Id.* at App. 032–33.

As Plaintiff points out, the incident report created by Defendant reflected that Plaintiff alleged that her clothes got caught on a pallet, which caused her to fall. ECF No. 23 at 16. At her deposition, Plaintiff was questioned about this:

> Q. All right. So correct me if I'm wrong, but you're saying that as you were walking down the walkway, part of your clothing got caught on a T-post on one of the rows. Is that correct?

[4] The deposition started at 10:06 a.m., ECF No. 25 at App. 020, and the break was taken at 12:23 p.m. *Id.* at App. 032.

A. No.
Q. No, that's not correct?
A. No. What I got caught was my shoe.

ECF No. 25 at App. 025.

Contrary to Plaintiff's argument, she had ample opportunity throughout the deposition to clarify her claim if it was anything other than her tripping over or getting caught on a T-post.[5] She failed to do so until counsel called a recess, presumably visited with Plaintiff during the break, and asked his additional questions. *Id.* at App. 032 (reflecting a recess from 12:23 to 12:29 p.m.). The only reason for the sudden change in testimony was just as Plaintiff's counsel explained. He knew that a summary judgment motion was coming. *Id.* Plaintiff's testimony that she tripped on a wire is rank speculation manufactured to defeat Defendant's motion. No one ever saw a wire.[6] The testimony does not merely supplement, but contradicts, her petition alleging that she tripped over the T-posts and her testimony that she tripped or got hung on the T-posts. *See Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472 (5th Cir. 2022) (discussing what makes a sham affidavit); *Hughes v. Kroger Tex. L.P.*, No. 3:15-CV-0806-M, 2016 WL 3390510, at *3 (N.D. Tex. Mar. 4, 2016) (the court does not view the unexplained, inconsistent testimony in the light most favorable to plaintiff).

Plaintiff has failed to raise a genuine issue of material fact to preclude summary judgment.

---

[5] She testified at least twice that her right foot caught the T-post bundle before she fell. ECF No. 25 at App. 026, App. 027.

[6] Thus, even if Plaintiff had properly pled that she fell because "a wire or similar object was near or protruding from the stack," ECF No. 22 at 4, she has not shown that Defendant knew or reasonably should have known of the condition and failed to exercise ordinary care to protect her. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

## VI. CONCLUSION

For the reasons discussed, Defendant's motion for summary judgment is **GRANTED**; Plaintiff **TAKE NOTHING** on her claims; and, such claims are **DISMISSED**.

**SO ORDERED** on this **14th day** of **October 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**